# Exhibit B

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER<br>STATE OF COLORADO<br><br>Court Address:<br><br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>January 13, 2026 5:36 PM<br>FILING ID: 217C4388D61E3<br>CASE NUMBER: 2026CV30152 |
| RYAN MAHON, individually and on behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>HF SINCLAIR REFINING & MARKETING, LLC, SINCLAIR OIL, LLC, DILLON COMPANIES, LLC d/b/a KING SOOPERS FUEL CENTER, COSTCO WHOLESALE CORPORATION, and MURPHY OIL USA, INC. d/b/a MURPHY EXPRESS,<br><br>Defendants. | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiff and Class:<br>Franklin D. Azar #13131<br>Michael D. Murphy #14236<br>Timothy Foster #57150<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Telephone Number: 303-757-3300<br>Fax Number: 720-213-5131<br>E-mail: azarf@fdazar.com<br>E-mail: murphym@fdazar.com<br>E-mail: fostert@fdazar.com | Case Number:<br><br>Div.: |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff RYAN MAHON ("Plaintiff"), individually and on behalf of all similarly situated persons, for his Complaint against Defendants HF SINCLAIR REFINING & MARKETING,

LLC and SINCLAIR OIL, LLC (collectively "SINCLAIR"), DILLON COMPANIES, LLC d/b/a KING SOOPERS FUEL CENTER ("King Soopers"), COSTCO WHOLESALE CORPORATION ("Costco") and MURPHY OIL USA, INC., ("Murphy Express"), makes the following allegations on personal knowledge with respect to his own acts, and upon information and belief and the reasonable investigation of counsel as to all other matters:

## NATURE OF THE ACTION

1. This action arises from Sinclair's delivery of gasoline contaminated by and/or interchanged with diesel fuel oil to King Soopers, Costco, and Murphy Express gas stations; gas which was sold to hundreds of Colorado drivers on January 7 and 8, 2026.

2. As alleged herein, as a result of the purchase of the contaminated fuel, Plaintiff, individually, and on behalf of all similarly situated persons comprising the putative class (the "Class") as defined below, suffered significant engine damage to his vehicle.

3. Plaintiff, individually, and on behalf of the Class, alleges claims for violation of C.R.S. § 6-1-113 of the Colorado Consumer Protection Act ("CCPA"), negligence, strict liability for product defect, and breach of the warranty of merchantability. Plaintiff seeks damages and declaratory and injunctive relief to prevent future violations of the CCPA.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124(1)(a) and (b). All Defendants have engaged in a continuous and systematic course of doing business in the State of Colorado. Moreover, the contaminated gasoline was sold to Plaintiff, who is a Colorado resident. Defendants' breach caused foreseeable harm to Plaintiff in the State of Colorado.

5. Venue is proper in this action pursuant to Colo. R. Civ. P. 98(c). because Defendants may be found in Denver County, and/or Class members reside in Denver, and/or the torts were committed in that county.

**PARTIES**

6. Plaintiff Ryan Mahon at all relevant times herein was, and is, a citizen and resident of the State of Colorado and resides at 8244 Arapahoe Peak Street, Littleton, CO 80125.

7. Defendant HF SINCLAIR REFINING & MARKETING, LLC is a DELAWARE corporation registered to do business in Colorado with its principal place of business located at 2323 Victory Ave, Suite 1400, Dallas, TX 75219 and its registered agent is United Agent Group, 155 E. Boardwalk, Suite 490, Fort Collins, CO 80525.

8. Defendant SINCLAIR OIL, LLC is a DELAWARE corporation registered to do business in Colorado with its principal place of business located at 2323 Victory Ave, Suite 1400, Dallas, TX 75219 and its registered agent is United Agent Group, 155 E. Boardwalk, Suite 490, Fort Collins, CO 80525.

9. Defendant DILLON COMPANIES, LLC, d/b/a KING SOOPERS FUEL CENTER is a KANSAS corporation registered to do business in Colorado with its principal place of business located at 65 Tejon Street, Denver, Colorado 80223 and its registered agent is Dillon Companies, LLC, 1900 W. Littleton Blvd, Littleton, CO 80120.

10. Defendant COSTCO WHOLESALE CORPORATION is a WASHINGTON corporation registered to do business in Colorado with its principal place of business located at 999 Lake Drive, Issaquah, WA 98027 and its registered agent is CT Corporation System, 7700 E. Arapahoe Rd, Ste 220, Centennial, CO 80112.

11. Defendant MURPHY OIL USA, INC., d/b/a MURPHY EXPRESS is a Delaware corporation registered to do business in Colorado with its principal place of business located at 200 E. Peach St, El Dorado, AR 71730 and its registered agent is CT Corporation System, 7700 E. Arapahoe Rd, Ste 220, Centennial, CO 80112.

## FACTUAL BACKGROUND

***PLAINTIFF RYAN MAHON***

12. On or about January 8, 2025, at approximately 8:30 a.m., Plaintiff Ryan Mahon purchased approximately 28 gallons of fuel for his 2021 Toyota Tundra at the Costco gas station located at 4000 River Point Parkway, Englewood, Colorado, for a total cost of approximately $55.00.

13. Immediately after purchasing the fuel, Plaintiff noticed that his vehicle was not running properly while driving his wife to work. After dropping her off, Plaintiff returned directly to the Costco parking lot due to the vehicle's ongoing engine issues.

14. Upon returning to the parking lot, Plaintiff opened the hood of his vehicle and immediately notified Costco personnel that there was a problem with the fuel.

15. Plaintiff then contacted the Colorado Division of Oil and Gas to report the issue and file a complaint. While Plaintiff was still in the Costco parking lot with the hood of his vehicle open, representatives from the Division arrived on site and collected a fuel sample from Costco's gas storage tanks.

16. Plaintiff thereafter paid to have his vehicle towed to Groove Toyota for inspection and diagnosis of the engine malfunction.

17. Groove Toyota informed Plaintiff that the cause of the engine malfunction was

contaminated fuel. The damage resulting from the contaminated fuel could include damage to the engine and fuel system including, among other things, fouled spark plugs, clogged fuel injectors and filters, and potential damage to the fuel pump, oxygen sensors, and catalytic converter.

18. Groove Toyota advised Plaintiff that the minimum cost to repair the vehicle was estimated to be between $800.00 and $1,000.00 but warned that additional damage or mechanical issues may manifest after the initial repairs that were not discoverable at the time of diagnosis.

19. Plaintiff was unable to safely operate his vehicle pending completion of the repairs due to the risk of further damage. As a result, Plaintiff has been required to rent a replacement vehicle from Fox Car Rental since January 8, 2026, at a cost of approximately $250.00 to date, and may incur additional rental expenses if repairs are not completed by January 13, 2026.

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the proposed class (the "Class") defined as follows:

> All persons who resided in Colorado and who suffered mechanical and/or engine damage (including the fuel system) as a result of purchasing contaminated fuel produced by Sinclair and sold by King Soopers, Costco and/or Murphy Express. The class period is the number of days the contaminated fuel was sold to Colorado consumers. Specifically excluded from the proposed Class are Defendants, and the officers, directors, affiliates, legal representatives, successors, subsidiaries, and/or assigns of Defendants, and any Judge who may be assigned to this matter.

24. Plaintiff reserves the right to modify or amend the definition of the proposed Class, including by adding subclasses, before this Court determines whether certification is appropriate.

25. This action is brought and may be properly maintained as a class action pursuant to the provisions of Colo. R. Civ. P. 23(a)(1)-(4) and 23(b)(3). This action satisfies Rule 23's numerosity, typicality, adequacy, predominance, and superiority requirements.

26. **Numerosity Requirement.** The Class is so numerous that individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that the number of customers who purchased the contaminated fuel from Defendants and suffered mechanical, engine, or other damage consists of hundreds, and likely thousands, of Colorado vehicle owners.

27. Plaintiff and all class members purchased the same contaminated fuel alleged herein and suffered the same type of damage. Defendants' sale of contaminated fuel affected all class members in the same way.

28. The Class definition will permit the Court to reasonably ascertain whether any individual or entity is a member of the Class. Any individual who purchased contaminated fuel from Defendants during the class period and who suffered damage to their vehicle as a result will be a member of the Class.

29. Upon information and belief, the Class consists of hundreds, and likely thousands, of persons who purchased the contaminated gasoline. Thus, pursuant to Colo. R. Civ. P. 23(a)(1), the Class is so numerous that joinder of all individual members is impracticable.

30. **Commonality Requirement.** Defendants' conduct toward the Class raises common questions of law and fact that predominate over any questions affecting only individual members of the Class, as the same contaminated fuel was sold to all Class members.

31. Plaintiff satisfies the commonality requirement because their claims arise from the purchase of the same contaminated fuel that other class members purchased, and their vehicles were damaged in similar ways. Plaintiff's claims are based on the same legal theories as all members of the Class, namely, violation of the CCPA, negligence, strict liability for product defect, and breach of the warranty of merchantability.

32. Because Defendants' conduct was the same as to all Class members, the material elements of Plaintiff's claims and those of the putative Class are subject to common proof, and the outcome of Plaintiff's individual actions will be dispositive for the Class.

33. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to, the following:

a. Whether Sinclair delivered or otherwise distributed contaminated fuel to King Soopers, Costco and Murphy Express;

b. Whether the contaminated fuel was sold to Plaintiff and the Class;

c. Whether Sinclair was negligent in producing, distributing, and/or delivering the contaminated fuel;

d. Whether King Soopers, Costco and Murphy Express were negligent in selling the contaminated fuel to Plaintiff; and

e. Whether the contaminated fuel caused damage to Plaintiff's and the Class members' vehicles;

34. There are common answers to these questions such that they can be answered in one fell swoop with respect to all Class members.

35. **Typicality Requirement.** Plaintiff's claims are typical of the claims of the other Class members as they arise from the same core practices, namely, the sale of the contaminated fuel and the subsequent damage caused to Plaintiff's vehicle. The material facts underlying the claims of each putative Class member are the same material facts as those supporting Plaintiff's claims. Plaintiff and the other Class members have sustained injuries from, and are facing harm arising out of, Defendants' common course of conduct as complained of herein. The losses of each Class member were caused directly by Defendants' wrongful conduct as alleged herein.

36. **Adequacy of Representation Requirement.** Plaintiff will fairly and adequately protect the interests of the Class, and their interests are the same as those of all absent Class numbers. By proving their individual claims, Plaintiff will necessarily prove the claims of the Class and prove Defendants' liability to the Class. Plaintiff has no known conflicts of interest with any members of the Class; their interests and claims are not antagonistic to those of any other Class members; and their claims are not subject to any unique defenses.

37. Plaintiff has retained attorneys experienced in the prosecution of complex class actions, including complex consumer, employment, ERISA, telecommunications, and securities class actions, who will ensure that the interests of the Class will be protected.

38. If appointed class representative, Plaintiff is aware of, and is committed to, faithfully uphold his fiduciary duties to absent Class members. Plaintiff and their counsel are committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure that the Class is fairly represented.

39. **Colo. R. Civ. P. 23(b)(3) – Predominance Requirement**. Because Defendants' conduct was uniform with respect to all perspective Class members, common questions of law and fact predominate over individual questions.

40. **Colo. R. Civ. P. 23(b)(3) - Superiority Requirement.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of all Class members' claims is impracticable.

41. Because the Class encompasses hundreds if not thousands of claims, a single Colorado class action is more efficient than thousands of individual actions, each requiring the same discovery and proof. Also, class certification is a superior method of adjudicating the claims alleged herein where the individual Class members have little interest in or time to individually controlling the prosecution of their claims.

42. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of the same issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and the court system resulting from multiple trials of the same complex factual and legal issues. In contrast, conducting this action as a class action with respect to some or all of the issues presented herein presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each Class member.

43. Class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide relief to Class members for their past and future injuries. It will also

deter Defendants and other similar businesses from engaging in such wrongful conduct in the future.

44. There are no unusual difficulties likely to be encountered in the maintenance of this action as a class suit, and this Court can effectively manage the class action.

45. The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants.

46. Thus, a class action is superior and more efficient to other available methods for the fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Violation of C.R.S. § 6-1-101, *et seq*.)

47. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

48. Defendants engaged in an unfair trade practice as defined in C.R.S. §6-1-105(e) and (g) by, among other things:

a. Knowingly or recklessly representing that the contaminated fuel was safe to use in Plaintiff's and other class members' vehicles despite the presence of diesel fuel in the gasoline; and

b. Representing that the contaminated fuel was of a particular quality and grade safe to use in Plaintiff's vehicles when they knew or should have known it was not.

49. The deceptive trade practices occurred in the ordinary course of Defendants' business, namely selling fuel to the public.

50. Plaintiff and the Class were significantly impacted by the deceptive trade practice of the Defendants. Plaintiff and other Class members purchased the contaminated fuel believing it was safe to use in their vehicles. In fact, the contaminated fuel caused damage to the engines and fuel systems, which included among other things fouled spark plugs, clogged fuel injectors and filters, and potential damage to the fuel pump, oxygen sensors, and catalytic converter.

51. Plaintiff and the Class have been damaged by Defendants' violations of the CCPA, namely that their vehicles were damaged and rendered unusable as a result of the contaminated fuel. As a result of Defendants' violations of the CCPA, Plaintiff and Class members have incurred hundreds or thousands of dollars in repair bills.

52. Pursuant to §6-1-113(2.9) Plaintiff seeks to recover actual damages, injunctive relief allowed by law, and reasonable attorney fees and costs.

**SECOND CLAIM FOR RELIEF**
**(Common Law Negligence Against All Defendants)**

53. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

54. Defendant Sinclair had a duty to use reasonable care in refining and producing gasoline products for use by the public. That duty included making sure that gasoline products were not contaminated by substances that could cause harm to consumers' vehicles.

55. Defendant Sinclair breached that duty by failing to use reasonable care to prevent gasoline intended for sale to the public from being contaminated by diesel oil.

56. King Soopers, Costco and Murphy Express had a duty to use reasonable care to assure that gasoline they purchased and resold to consumers was not contaminated by substances that could cause harm to consumers' vehicles.

57. King Soopers, Costco and Murphy Express breached that duty by accepting and selling the contaminated fuel from Sinclair.

58. Plaintiff and other Class members purchased the contaminated fuel believing it was safe to use in their vehicles. In fact, the contaminated fuel caused damage to their engines and fuel systems, which included among other things fouled spark plugs, clogged fuel injectors and filters, and potential damage to the fuel pump, oxygen sensors, and catalytic converter.

59. As a direct and proximate result of Defendants' negligence as described above, Plaintiff and the Class members have suffered damages, including vehicle repair costs and loss of use, resulting in additional economic losses and hardship, which include, among other things, lost wages, rental and rideshare expenses, and ongoing insurance and loan payments for vehicles that were rendered unusable.

**THIRD CLAIM FOR RELIEF**
**(Strict Liability and Product Defect)**

60. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

61. Defendants were in the business of selling fuel to Plaintiff and the public.

62. The contaminated fuel supplied by Sinclair and sold by King Soopers, Costco and Murphy Express as part of their business was in a defective condition that was unreasonable dangerous to Plaintiff and the Class.

63. The contaminated fuel supplied by Sinclair and sold by King Soopers, Costco and Murphy Express was expected to and did reach Plaintiff and the Class when they purchased the contaminated fuel and put it in their vehicles without any substantial change in the condition it was sold.

64. Plaintiff and other Class members were injured when they purchased the fuel that was contaminated and caused damage to their engines and fuel systems including, among other things, fouled spark plugs, clogged fuel injectors and filters, and potential damage to the fuel pump, oxygen sensors, and catalytic converter. As a result of the defective fuel, Plaintiff incurred substantial repair costs and related damages.

65. As a result of the foregoing, Plaintiff and the other Class members have been damaged in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**Breach of Warranty**

66. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

67. The fuel supplied by Sinclair and sold by King Soopers, Costco and Murphy Express was contaminated by diesel fuel and therefore defective and unfit for the purpose for which it was sold.

68. Plaintiff and the Class purchased the contaminated fuel with the intent of using it for the purpose for which it was intended, namely, to power their gasoline vehicles.

69. Plaintiff and other Class members were injured when they purchased the fuel that was contaminated and caused damage to their engines and fuel systems including, among other things, fouled spark plugs, clogged fuel injectors and filters, and potential damage to the fuel pump, oxygen sensors, and catalytic converter. Plaintiff incurred substantial repair bills and the cost of renting a car as a result of the defective product.

70. As a result of the foregoing, Plaintiff and the other Class members have been damaged in amounts to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, pray for relief and judgment as follows:

a. For an order certifying this action as a class action on behalf of the Class described above;

b. For an order certifying Plaintiff as class representative and appointing Franklin D. Azar & Associates, P.C. as Class counsel;

c. For payment of all damages suffered by Plaintiff and the Class;

d. For compensatory damages according to proof;

e. For all other damages according to proof;

f. For injunctive relief requiring Defendants to cease selling contaminated fuel to Plaintiff and other consumers;

g. For an award of attorneys' fees pursuant to C.R.S. §6-1-113(2.9);

h. For costs of suit herein incurred;

i. For both pre-judgment and post-judgment interest on any amounts awarded; and

j. For such other and further relief as the Court may deem proper.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury as to all issues so triable.

Respectfully submitted January 13, 2026.

FRANKLIN D. AZAR & ASSOCIATES, P.C.

By: */s/ Timothy Foster*
Timothy Foster, #57150
ATTORNEYS FOR PLAINTIFF

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*